**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| JEFFERY LYNN KEYLON, )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>BNFL, INC., )<br>AMERICAN TECHNOLOGIES, INC., and )<br>R&R ELECTRIC CORPORATION, )<br>　　Defendants. ) | No. 3:10-CV-200<br>(Phillips) |

## MEMORANDUM OPINION

This asbestos-exposure case was originally filed on January 21, 2003. Plaintiff, who was an independent subcontractor working under the supervision of R&R Electric at the Oak Ridge Reservation, claimed he was exposed to asbestos and other hazardous substances during the demolition of synchronous condensers that had been purchased by American Technologies, Inc. pursuant to an agreement with BNFL, Inc.

This matter is before the court on the plaintiff's renewed suggestion that the court lacks federal subject matter jurisdiction pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure [Doc. 5]. Plaintiff filed this action on January 21, 2003, alleging state law claims against all defendants, including the United States of America through the Department of Energy. At the time plaintiff filed suit in federal court, subject matter jurisdiction was established pursuant to 28 U.S.C. § 1346(b) because the United States was named as a party to the lawsuit.

On January 30, 2003, the United States submitted a filing to the court indicating that it had notified the clerk of the Multi-District Litigation Panel (MDL) that the action constituted a potential "tag-along" action to cases transferred pursuant to the MDL Panel's Opinion and Order in MDL-875, *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (1991). On June 13, 2003, the MDL Panel issued an order transferring the case to the United States District Court for the Eastern District of Pennsylvania (MDL Court). On June 3, 2005, upon resolving plaintiff's dispute regarding his claims against the United States, plaintiff and the United States filed a joint motion to dismiss defendant United States of America. The MDL Court granted the joint motion to dismiss the United States of America on June 10, 2005. By order entered April 19, 2010, the MDL Court remanded the case to this court "for resolution of all outstanding motions and such further action as may be deemed proper by that court."

Pursuant to Rule 12(h)(3), "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Dismissal pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction is without prejudice. *Bancohio Corp. v. Fox*, 516 F.2d 29, 31 (6th Cir. 1975). Because the United States is no longer a party to this lawsuit, federal subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b) no longer exists. *See Smith v. United States of America*, 1990 WL 72948 (E.D.Penn. May 23, 1990) (case dismissed pursuant to Rule 12(h)(3) when federal subject matter jurisdiction under 28 U.S.C. § 1346(b) ceased to exist).

Moreover, no alternative basis for federal subject matter jurisdiction under 28 U.S.C. § 1332 exists because there is a lack of diversity among the parties. Nor does the complaint state violation of any federal rights or violation of any constitutional rights, which is required for jurisdiction under 28 U.S.C. § 1331.

For the foregoing reasons, the court finds that it lacks subject matter jurisdiction over this matter and that **DISMISSAL** of the action **without prejudice** pursuant to Rule 12(h)(3) is appropriate.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge